Ryan L. Gentile
Law Offices of Gus Michael Farinella, PC
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: 201-873-7675
Attorney for Plaintiff, Daffodil Isles,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
DAFFODIL ISLES,
on behalf of herself and all others
similarly situated,

        Plaintiff,

           v.

PORTFOLIO RECOVERY ASSOCIATES, LLC

        Defendant.
---------------------------------------------------------X

**CLASS ACTION COMPLAINT**

      Plaintiff, by and through her counsel, The Law Offices of Gus Michael Farinella, PC, as and for her complaint against the defendant, on behalf of a class pursuant to Rule 23 alleges as follows:

**INTRODUCTION**

      1.     Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by the debt collector defendant Portfolio Recovery Associates, LLC ("PRA"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

### JURISDICTION, VENUE AND PARTIES

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does business within this District.

5. Plaintiff, Daffodil Isles, is an individual who resides in Carteret, New Jersey.

6. Defendant, Portfolio Recovery Associates, LLC ("PRA") is a Delaware foreign limited liability corporation with an address of 120 Corporate Blvd. Suite 100 in Norfolk, Virginia 23502.

7. PRA is engaged in the business of purchasing and collecting delinquent debts allegedly owed to others and is a debt collector as defined by the FDCPA.

8. According to PRA's website, www.portfoliorecovery.com, as of 12/4/2013, PRA states "Our core business is the direct purchase of portfolios containing defaulted, consumer accounts, charged off from leading U.S. creditors".

9. Upon information and belief, PRA pays under ten cents on the dollar for these accounts.

10. PRA then tries to collect the full amount. The website goes on to say "If we are unsuccessful reaching customers directly by phone, we may use other collection techniques, including phone call campaigns, collection letters, in-house collection attorneys, or a network of third-party collection attorneys."

11. PRA is a debt collector as defined in the FDCPA.

## FACTS

12. On or about January 15, 2013, plaintiff was sent the collection letter attached as Exhibit A, bearing the defendant's name.

13. In sending Exhibit A, defendant sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal credit card account.

14. Exhibit A is a standard form document.

15. Exhibit A is "the initial communication with the [plaintiff] in connection with the collection of [a] debt" as defined by the FDCPA §1692g.

16. No other communications were sent to plaintiff within 5 days of the initial communication.

17. More than 200 examples of Exhibit A have been sent out during the last 12 months.

18. Exhibit A is sent out with the knowledge and consent of the defendant.

19. Documents in the form represented by Exhibit A are regularly sent to collect delinquent debts.

20. Exhibit A provides a balance of $586.05 and states "Interest continues to accrue on this account until the account is satisfied."

21. On or about March 5th, 2013, PRA sent a letter to Plaintiff sating a balance of $589.20 and stating "Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended." See <u>Exhibit B</u>.

22. Despite stating a balance of $586.05 on <u>Exhibit A</u> and stating that interest was continuing to accrue and despite a balance of $589.20 on <u>Exhibit B</u> and stating that interest continues to accrue unless suspended, PRA sent a letter on or about October 16th, 2013 stating that there was a balance due of only $585.73 and excluded the disclaimer that interest was continuing to accrue. See <u>Exhibit C</u>.

<u>**VIOLATIONS ALLEGED**</u>

23. PRA's conduct violates 15 U.S.C. §1692, §1692e(10), §1692e(2)(a) and 15 U.S.C. §1692g(a) .

24. Section §1692e provides:

**§ 1692e.   False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:…

   (2) The false representation of—
      **(A)** the character, amount, or legal status of any debt….

   (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt….

25. Section §1692g provides:

**§ 1692g.  Validation of Debts**

(a) **Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. PRA's conduct violated the above provisions of the statute because it was false, deceptive and/or misleading.

27. PRA's conduct violated the above provisions of the statute because it failed to accurately give the amount of the debt as required by the statute.

28. PRA is liable to the plaintiff for statutory damages pursuant to §1692k in an amount to be determined at trial.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

30. The class consists of (a) all individuals (b) with a New Jersey address (c) who were sent a series of letters from Portfolio Recovery Associates, LLC (d) that gave an incorrect balance on the initial communication as defined by 1692g and/or (e) the letter failed to convey properly whether interest was accruing or not accruing on the debt (f) on or after a date one year prior to the filing of this action.

31. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

32. There are questions of law and fact common to the class, which

common questions predominate over any questions relating to individual class members. The predominant common question is whether the series of letters sent to Plaintiff and to the class violates the FDCPA.

33. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

35. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in an court or of any pending arbitration or administrative proceeding

Dated: New York, New York
December 30, 2013

                              **The Law Offices of Gus Michael Farinella, PC**

                              /s/ Ryan Gentile
                      By:_____
                            Ryan Gentile (RG0835)
                            Attorney for Plaintiff
                            147 West 35th Street
                            Suite 1008
                            New York, NY 10001
                            Tel: (201) 873-7675
                            Fax: (212) 675-4367
                            rlg@lawgmf.com

                                **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                            The Law Offices of Gus Michael Farinella, PC

                              /s/ Ryan Gentile
                    By:_____
                            Ryan Gentile